**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| DISORB SYSTEMS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | Case No. _____ |
| v. | ) | |
| | ) | |
| VITAL CARE REPS, INC.; | ) | **JURY DEMANDED** |
| Defendants. | ) | |

<u>**COMPLAINT FOR DECLARATORY JUDGMENT AND OTHER RELIEF**</u>

NOW COMES Plaintiff DiSorb Systems, Inc. ("DiSorb") by its attorneys, Nixon Peabody, LLP and as and for its Complaint for Declaratory Judgment and Other Relief against Defendant Vital Care Reps, Inc. ("Vital Care") states as follows:

1.      DiSorb seeks a declaratory judgment that it owns the trademarks SUPER SOLIDIFIER and SUPER SOLIDIFIER PLUS; that DiSorb has no continuing obligation to allow Vital Care the right to sell product under the SUPER SOLIDIFIER AND SUPER SOLIDIFIER PLUS trademarks; that Vital Care has no right to sell products under the SUPER SOLIDIFIER AND SUPER SOLIDIFIER PLUS trademarks other than for product already supplied by DiSorb to Vital Care; and that Vital Care may not sell other liquid medical waste solidifiers or solidifier treatment products sourced from third parties for the remainder of the contract term agreed to by the parties.

2.      DiSorb also seeks payment of the outstanding amounts owed by Vital Care, which as of the date of this Complaint total $173,323.86.

**THE PARTIES**

3.      DiSorb is a Pennsylvania corporation with its principal place of business located at 1800 W. Indiana Avenue in Philadelphia, Pennsylvania.

4.    On information and belief, Vital Care is an Illinois corporation with its principal place of business located at 7650 West 185th Street in Tinley Park, Illinois.

## JURISDICTION

5.    This is an action for declaratory judgment arising under (i) the Trademark Laws of the United States, 15 U.S.C. §1051 et seq.; (ii) 15 U.S.C. §1125 et seq.; and (iii) 28 U.S.C. §§2201 and 2202 (the "Declaratory Judgment Act"). Thus, this Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§1331 and 1338.

6.    This court also has jurisdiction pursuant to 28 U.S. Code § 1332 because the parties are citizens of different states and the amount in controversy exceeds $75,000.

7.    Venue of this action is proper in the Northern District of Illinois under 28 U.S.C. §1391(a)(1) and (2) because Vital Care resides within this jurisdiction and a substantial part of the events giving rise to the claims have occurred and will continue to occur in the Northern District of Illinois.

## FACTS

8.    DiSorb is a manufacturer of, among other things, medical waste solidification and decontamination products including products packaged under the marks SUPER SOLIDIFIER and SUPER SOLIDIFIER PLUS.

9.    Vital Care holds itself out as a distributor of medical sterilization products.

10.    On or about April 29, 2013, DiSorb and Vital Care entered into a distribution agreement (the "Agreement") whereby DiSorb agreed to supply certain product formulas identified in the Agreement to Vital Care for distribution under its trade names. A true and correct copy of the Agreement is attached hereto as Exhibit 1.

11. Under the terms of the Agreement, Vital Care was authorized to distribute the products identified in Exhibit A under the trademarks, trade names and logos of Vital Care. Ex. 1, Section 3(a). Upon information and belief, Vital Care does not own any of its own trademarks or trade names.

12. The Agreement also has an exclusivity provision under which Vital Care is prohibited from selling any other liquid medical waste solidifiers or solidifier treatment products in the contract territory during the term of the Agreement. Exhibit 1, at Section 5(c).

13. For a period of time, DiSorb agreed to allow Vital Care the right to sell the products that DiSorb supplied under the Agreement under the marks SUPER SOLIDIFIER and SUPER SOLIDIFIER PLUS. DiSorb, however, has no continuing obligation to allow Vital Care the right to use those trademarks.

14. At all times relevant hereto, DiSorb was the owner of the marks SUPER SOLIDIFIER and SUPER SOLIDIFIER PLUS. SUPER SOLIDIFIER PLUS is registered to DiSorb under U.S. Trademark Registration No. 4,208,542.

15. DiSorb's application for registration of the mark SUPER SOLIDIFIER is pending under U.S. Trademark Application No. 87/503,019.

16. On or about July 26, 2017, DiSorb sent a notice of default under the Agreement (the "DiSorb Notice") to Vital Care for failure to pay certain outstanding invoices identified in the notice. A true and correct copy of the DiSorb Notice is attached hereto as Exhibit 2.

17. On or about August 7, 2017, Vital Care responded to the DiSorb Notice accusing DiSorb of accelerating shipments and improperly shipping different products in the same palettes and denying the full amount claimed by DiSorb. True and correct copies of the responses from Vital Care are attached hereto as Group Exhibit 3.

18.     Finally, on August 23, 2017, Vital Care issued its own notice of alleged breach of the Agreement (the "Vital Care Notice") claiming rights to the SUPER SOLIDIFIER and SUPER SOLIDIFIER PLUS marks, among other things, and demanding that DiSorb relinquish or transfer the trademark registrations or rights thereto for the SUPER SOLIDIFIER and SUPER SOLIDIFIER PLUS marks so that Vital Care can continue to sell product obtained from third parties under those marks. A true and correct copy of the Vital Care Notice is attached as Exhibit 4.

19.     Thus, the dispute between the parties over the right to continued use of the marks comprises an actual controversy. Likewise, the dispute over payment of $173,323.86 of DiSorb invoices also comprises an actual controversy.

## COUNT I
### (Declaratory Relief)

20.     DiSorb reiterates and re-alleges the allegations of Paragraphs 1-19 as if fully set forth herein.

21.     This is a declaratory judgment action under the Trademark Laws of the United States, 15 U.S.C. §1051 et seq., the Lanham Act, 15 U.S.C. §1125, et seq., and the Declaratory Judgment Act, 28 U.S.C. §§2201 and 2202. As an actual justiciable controversy exists by way of the credible threat of Vital Care's continued use of DiSorb's SUPER SOLIDIFIER and SUPER SOLIDIFIER PLUS marks on products manufactured by third parties, DiSorb seeks relief from this Court.

22.     DiSorb requests an order declaring that it is the sole owner and has exclusive rights to the use of the SUPER SOLIDIFIER and SUPER SOLIDIFIER PLUS, barring Vital Care from using those marks going forward, except for product already supplied by DiSorb, and

declaring that the exclusivity provision remains in full force and effect and that Vital Care may not sell product from third parties for the remainder of the Agreement term.

## COUNT II
(Breach of Contract)

23.     DiSorb reiterates and re-alleges the allegations of Paragraphs 1-19 as if fully set forth herein.

24.     The Agreement is a valid and enforceable contract.

25.     DiSorb performed all of its obligations under the Agreement.

26.     Vital Care is in default of the Agreement by its failure to pay invoices issued by DiSorb in the amount of $173,323.86.

27.     As a result of Vital Care's refusal to pay the invoices, DiSorb has been damaged in the amount of $173,323.86.

28.     Therefore, DiSorb seeks judgment against Vital Care in the amount of $173,323.86.

WHEREFORE, DiSorb Systems, Inc. seeks judgment in its favor and against Vital Care Reps, Inc. in the form of the following: (a) an order declaring that DiSorb owns the trademarks SUPER SOLIDIFIER and SUPER SOLIDIFIER PLUS; that DiSorb has no continuing obligation to allow Vital Care the right to sell product under the SUPER SOLIDIFIER AND SUPER SOLIDIFIER PLUS trademarks; that Vital Care has no right to sell products under the SUPER SOLIDIFIER AND SUPER SOLIDIFIER PLUS trademarks other than for product already supplied by DiSorb to Vital Care; and that Vital Care may not sell other liquid medical waste solidifiers or solidifier treatment products sourced from third parties for the remainder of

the contract term agreed to by the parties; (2) an order awarding DiSorb the  balance owed by

Vital Care; and (3) any other or further relief in DiSorb's favor this Court deems just and proper.


Dated: August 25, 2017

Respectfully submitted,


/s/      *Ethan E. Trull*         .

Ethan E. Trull
Kevin P. Shea
Elizabeth Meraz
Nixon Peabody, LLP
70 W. Madison St., Suite 3500
Chicago, IL 60602

*Counsel for DiSorb Systems, Inc.*

6